NOT FOR PUBLICATION

                      UNITED STATES BANKRUPTCY COURT
                            DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:   CHRISTOPHER A. MORRELLO,
                                      Chapter 7
                     Debtor          Case No: 11-11104 (RTL)

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

**OPINION**

**APPEARANCES**:

REINHEIMER & REINHEIMER
Linda Reinheimer, Esq.
Attorneys for Debtor

WILENTZ GOLDMAN & SPITZER, P.A.
Deirdre Woulfe Pacheco, Esq.
Attorneys for Kathleen Morrello

**RAYMOND T. LYONS, U.S.B.J.**

**I.     INTRODUCTION**

      Debtor, Christopher Morello, seeks to re-open this bankruptcy case in order to amend his schedules so that they correctly reflect his assets at the time he filed his petition. He seeks to correct the record in order to eliminate any potential for contradiction between his bankruptcy petition and papers he has filed in a currently pending divorce action. Because the need for his amendments arises as a result of a recent change in applicable law, the motion to re-open is granted.

1

**II.    JURISDICTION**

This motion to re-open arises under 11 U.S.C § 350(b).  The court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a), and the Standing Order of Reference by the United States District Court for the District of New Jersey dated July 23, 1984, referring all proceedings arising under Title 11 of the United States Code to the bankruptcy court.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) (matters concerning administration of the estate).

**III.    FACTS AND PROCEDURAL HISTORY**

Mr. Morrello signed and filed his bankruptcy petition on January 14, 2011. Roughly a month prior, he had filed a divorce complaint asserting equitable distribution claims against real and personal property that he and his wife had acquired during their marriage. However, his petition did not list these claims – his Schedule A listed no interest in real property, and his Schedule B listed no claims for equitable distribution or alimony against his wife or any of her property.

Now, Mr. Morrello seeks to re-open his case so that he can amend his schedules to list his equitable distribution claims.  His wife, Kathleen Morrello, opposes.  The chapter 7 trustee has stated that, if the schedules are amended, he has no intent to administer any newly-scheduled equitable distribution claims.

**IV.    APPLICABLE STATUTORY PROVISIONS**

Section 350(b) of the Bankruptcy Code provides that a case may be re-opened "to administer assets, to accord relief to the debtor, or for other cause."  Decisions interpreting this language have held that a bankruptcy court has broad discretion on motions to re-open.  *See, e.g.*, *Zinchiak v. CIT Small Bus. Lending Corp. (In re Zinchiak)*, 406 F.3d 214, 223 (3d Cir. 2005)

2

("We have previously noted that bankruptcy courts have broad discretion to reopen cases after an estate has been administered."); *In re Hutchinson*, No. 01-21001, 2005 Bankr. LEXIS 2699, at *7-*8 (Bankr. D.N.J. May 17, 2005).

Also relevant is 11 U.S.C. § 541(a)(5), which provides that the property of the estate includes property acquired via a property settlement agreement or divorce decree, to the extent acquired within 180 days post-petition.

V.     **DISCUSSION**

At the time that Mr. Morrello filed and signed his petition, the state of the law on equitable distribution claims appeared relatively well-settled. Specifically, under New Jersey law, "the right to equitable distribution arises upon entry of the judgment of divorce." *Kane v. Kane*, No. 08-5633, 2009 U.S. Dist. LEXIS 91504, at *9 (D.N.J. Sept. 30, 2009) (citing N.J. STAT. ANN. § 2A:34-23, *Buglione v. Berlingeri (In re Berlingeri)*, 246 B.R. 196, 200 (Bankr. D.N.J. 2000), and *Carr v. Carr*, 576 A.2d 872 (N.J. 1990)).  While many of the older cases applying this rule dealt with a non-debtor spouse's claim for equitable distribution against the debtor, the rule worked in the opposite direction as well; indeed, in *Kane*, the non-debtor spouse had previously filed bankruptcy, and the court held that her equitable distribution claims had not been part of the bankruptcy estate in her previous case. *Id*. Thus, under this rule, a bankruptcy debtor would have had no obligation to disclose claims from a pending divorce, because those claims would have no existence until entry of a judgment of divorce; accordingly, they could not be part of the bankruptcy estate. *See id*. (agreeing that the non-debtor spouse "did not have an

3

obligation to disclose" her equitable distribution claims in her previous divorce because "these claims were not a part of her bankruptcy estate").[1]

However, shortly before Mr. Morrello filed his petition in January 2011, the Third Circuit changed the law in this area by publishing, on December 21, 2010, an opinion in the appeal of *Kane*.[2] *See In re Kane*, 628 F.3d 631 (3d Cir. 2010). Though the decision upheld the district court's result, it potentially altered a debtor's duty to disclose equitable distribution claims, even before a divorce is final. The court held that, when a debtor files for bankruptcy, he has "an interest in an equitable distribution of marital property," making the interest a "contingent, equitable interest" that qualifies as a "claim" under bankruptcy law. *Kane*, 628 F.3d at 641. The court noted that the district court had been "erroneous[]" in holding that a debtor has no duty to disclose an equitable distribution claim where no divorce judgment has yet been entered. *Id.*

For the purposes of clarity, then, a chronology of relevant facts is as follows:

| | |
|---|---|
| October 22, 2008: | The bankruptcy court decision in *Kane* follows the existing rule that equitable distribution claims do not arise for the purposes of bankruptcy law until entry of a judgment of divorce. |
| September 30, 2009: | The district court affirms the outcome and analysis in *Kane*. |
| December 14, 2010: | Mr. Morrello consults his bankruptcy attorney and makes an initial fee payment. |
| December 15, 2010: | Mr. Morrello signs and files a divorce complaint. |
| December 21, 2010: | The Third Circuit changes the disclosure obligations for debtors involved in currently pending divorce proceedings. |

---

[1] Of course, 11 U.S.C. § 541(a)(5) created a possibility that, if the divorce became final fewer than 180 days after the filing of the petition, those claims might enter the estate, so there may have been some duty to disclose in that event.

[2] This result was a by-product of another recently previous Third Circuit decision, *In re Grossman's*, 607 F.3d 114, 121 (3d Cir. 2010), which expanded the definition of "claim" by overruling *Avellino & Bienes v. M. Frenville Co.*, 744 F.2d 332 (3d Cir. 1984).

   January 14, 2011:  Mr. Morrello signs and files his bankruptcy petition and pays the balance of his bankruptcy counsel's fees.

Thus, it appears that Mr. Morrello should have listed his equitable distribution claims on his original bankruptcy petition. However, as noted above, he had no duty to do so when he initially consulted his bankruptcy attorney, at which time the bankruptcy court and district court decisions in *Kane* represented the controlling law. Further, while this duty arose before Mr. Morrello signed and filed his petition, when the Third Circuit published its opinion in *Kane*, that decision had been on the books for less than a month when this case commenced. Accordingly, the court will exercise its discretion to allow re-opening of this case, so that Mr. Morrello may correct the record. In so doing, the court takes note that the chapter 7 trustee does not intend to administer these claims, even if they do ripen into an actual transfer of property.[3]

## VI. CONCLUSION

Mr. Morrello's disclosure obligations on his bankruptcy schedules changed shortly after he first consulted his bankruptcy counsel, and shortly before he signed and filed his petition. Accordingly, the court finds cause, for the purposes of § 350(b), to allow him to re-open his case to correct the record and make the disclosures now required by recent Third Circuit caselaw. Mr. Morrello's motion is granted.

  Dated: July 26, 2011            /s/ *RAYMOND T. LYONS*

---

[3] The court realizes that the trustee takes this position because more than 180 days have now elapsed since Mr. Morrello filed his petition, and so § 541(a)(5) may bar his right to administer such property. In light of the change in the law, the court will allow re-opening the case without any determination of whether Mr. Morrello's delay was in good faith. In any event, the Third Circuit's *Kane* decision presents a question as to how this 180-day period interacts with their more expansive approach to equitable distribution claims, but the instant matter requires no decision on this open question.